UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND TUMASOV,<br><br>                              Petitioner,<br><br>v.<br><br>DOE 1; et al.,<br><br>                              Respondents. | Case No.:  26cv590-LL-DEB<br><br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF Nos. 1, 2] |

Before the Court are Petitioner Roland Tumasov's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")] and Motion for Temporary Restraining Order [ECF No. 2 ("TRO")]. Also before the Court are Respondents' Return in Opposition to the Petition [ECF No. 5 ("Ret.")], and Petitioner's Traverse [ECF No. 6 ("Traverse")]. For the reasons set forth below, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus, **DENIES AS MOOT** the Motion for Temporary Restraining Order, and **ORDERS** Petitioner be immediately released from custody.

/ / /

/ / /

1

## I.    BACKGROUND

Petitioner, a citizen of Armenia, entered the United States on October 3, 2024 and was taken into Immigration and Customs Enforcement ("ICE") custody. Pet. ¶¶ 15–16; ECF No. 5-1, Declaration of Leticia Rodriguez ("Rodriguez Decl.") ¶ 3. In Armenia, Petitioner was beaten and threatened with death by his employer and his employer's bodyguards. Pet. ¶ 15. On October 24, 2024, Petitioner received a positive finding at his credible fear interview. Pet. ¶ 17; Rodriguez Decl. ¶ 3. On November 5, 2024, Petitioner was served with a Notice to Appear, which charged inadmissibility under Immigration and Nationality Act §§ 212(a)(6)(C)(i) and 212(a)(7)(A)(i)(I). Rodriguez Decl. ¶ 4; ECF No. 5-2. On September 26, 2025, an immigration judge issued an order denying Petitioner's application for asylum, granting withholding of removal to Armenia pursuant to Immigration and Nationality Act § 241(b)(3), and ordering removal. Pet. ¶ 21; Rodriguez Decl. ¶ 5. Petitioner reserved appeal on the September 26, 2025 decision, and the removal order became final on October 27, 2025. Rodriguez Decl. ¶ 6.

According to Respondents, ICE Enforcement and Removal Operations ("ERO") San Diego Office is currently working with ERO Removal and International Operations Headquarters (HQ-RIO) in Washington, D.C., and the Department of State ("DOS") to identify a third country that will accept Petitioner. Rodriguez Decl. ¶ 8. On January 30, 2026, ICE ERO followed up with HQ-RIO but provided no update. *Id.* ¶ 10.

Petitioner has been detained since October 3, 2024. Pet. ¶ 9. Petitioner alleges that his prolonged detention violates the Fifth Amendment's Due Process Clause and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. ¶¶ 28–37. Petitioner's Petition and Motion for Temporary Restraining Order both seek a writ of habeas corpus directing Respondents to, *inter alia*, release him from custody or alternatively, a bond hearing. Pet. at 12; TRO at 9.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of

that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi*, 542 U.S. at 536 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III.   DISCUSSION

Petitioner alleges that his prolonged detention violates *Zadvydas*. Pet. ¶¶ 30–37. Respondents argue that Petitioner's detention is lawful and that he has not established that there is no significant likelihood of removal in the reasonably foreseeable future. Ret. at 4–8.

### A. Zadvydas

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). Under this statute, a noncitizen ordered removed must be detained for 90 days pending the government's efforts to secure the noncitizen's removal through negotiations with foreign governments. *See* 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) "authorizes further detention if the Government fails to remove the [noncitizen] during those 90 days." *Zadvydas*, 533 U.S. at 682. The statute, however, is limited to "a period reasonably necessary to bring

26cv590-LL-DEB

about [the noncitizen's] removal from the United States" and "does not permit indefinite detention." *Id.* at 689.

Petitioner contends that his detention is not authorized by statute and due process because the 90-day removal period has expired and he has sufficiently demonstrated there is no significant likelihood that he will be removed in the reasonably foreseeable future. Pet. ¶¶ 28–37.

### 1. Rebuttable Presumption

Respondents argue that "Petitioner's case is premature as the six-month presumptively reasonable removal period has not lapsed." Ret. at 5. Petitioner responds that he may challenge his continued detention as unconstitutional because the 90-day statutory removal period has expired and the six-month presumption is not a prohibition on claims challenging detention less than six months. (Traverse at 2–4.)

In *Zadvydas*, the Supreme Court recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. 533 U.S. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court later clarified its holding in *Zadvydas* and explained that:

> *Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention *only for a period consistent with the purpose of effectuating removal*.... If [it] were, as the Government seems to believe, free to 'interpret' statutes as becoming inoperative when they 'approach constitutional limits,' [the Supreme Court] would be able to spare [itself] the necessity of ever finding a statute unconstitutional as applied.

*Clark v. Martinez*, 543 U.S. 371, 384 (2005) (emphasis added).

26cv590-LL-DEB

Multiple district courts have found that the six-month presumption in *Zadvydas* is rebuttable. *See Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) ("At no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges . . . not a prohibition on claims challenging detention less than six months.") (quoting *Zadvydas*, 533 U.S. at 700–01; *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*."); *Medina v. Noem*, 794 F. Supp. 3d 365, 375 (D. Md. 2025) (noting that "what *Zadvydas* did make clear was that it was adopting a presumption—not a conclusive bar to adjudication of whether continued detention is authorized that lifts only after six months have elapsed"); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."). In contrast, if we follow Respondents' proposed interpretation, "the Government would be permitted to detain noncitizens ordered removed for up to six months even when their removal is impossible." *Zavvar v. Scott*, No. CV 25-2104-TDC, 2025 WL 2592543, at *5 (D. Md. Sept. 8, 2025).

The Court agrees with these courts' reasoning and finds the six-month presumption in *Zadvydas* is rebuttable and therefore does not foreclose claims challenging detention less than six months. *See Clark*, 543 U.S. at 387 (O'Connor, J., concurring) ("[T]he 6-month presumption ... in *Zadvydas* ..., is just that—a presumption."). Here, Petitioner's removal order became administratively final on October 27, 2025. Rodriguez Decl. ¶ 6. Therefore, Petitioner's 90-day post-removal period has passed, and if Petitioner can demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future, Petitioner is eligible for release under supervision.

/ / /

26cv590-LL-DEB

**2. Significant Likelihood of Removal**

Petitioner argues that he has satisfied his burden of showing there is good reason to believe that removal is not significantly likely, and the Court agrees.

The Supreme Court set the "presumptively reasonable period of detention" under 8 U.S.C. § 1231(a)(6) at six months. *Zadvydas*, 533 U.S. at 701. After the six-month period, a petitioner is entitled to release if he "*provides good reason to believe* that there is no significant likelihood of removal in the reasonably foreseeable future" and the government is unable to rebut that showing. *Id.* (emphasis added).

Here, Petitioner cannot be removed to Armenia, which is his country of birth and citizenship, as well as the country designated during his removal proceedings, because he was granted withholding of removal to Armenia. Pet. ¶ 21; Rodriguez Decl. ¶ 5; Ret. at 4. Respondents also agree they do not plan on doing so. Ret. at 3 ("ICE is not attempting to remove Petitioner to Armenia.") Thus, as Respondents concede, "there appears to be no other country that would meet the definitions under subsection (i) through (vi)" of 8 U.S.C. § 1231(b)(2)(E). Ret. at 4; Traverse at 4–5.

The Court is also not persuaded by Respondents' argument that ICE ERO is "working diligently" to identify "countries that may be willing to accept Petitioner for removal." Ret. at 6. It has been over three months since Petitioner's removal order became final, and ICE has not yet identified any country that would accept Petitioner. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (holding the petitioner sufficiently established no significant likelihood of his removal in the reasonably foreseeable future based on his grant of asylum and CAT protection because "the government [was] not entitled to remove him to Sri Lanka, and no other country has been identified to which he might be removed.") They have not provided any details as to their efforts to identify countries that "may be willing" to accept Petitioner, other than that their last follow-up was on January 30, 2026. Therefore, Respondents failed to rebut Petitioner's claim that there is no significant likelihood of removal in the reasonably foreseeable future. *See e.g., Ndandu v. Noem*, No. 3:25-CV-02939-RBM-MSB, 2026 WL 25848, at *4 (S.D.

Cal. Jan. 5, 2026) (granting habeas to a petitioner who was detained for less than six months because he could not be moved to his country of origin, removals to third countries are historically rare, and Mexico, the only country ICE identified, declined to accept him). Thus, Petitioner's detention is no longer reasonable or authorized by statute.

**IV.   CONCLUSION**

For the reasons above, the Court **GRANTS**[1] Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, **DENIES AS MOOT** the Motion for Temporary Restraining Order, and **ORDERS** Respondents to immediately release Petitioner from detention, under appropriate conditions of supervised release. As this concludes the litigation in this case, the Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED**.

Dated:  February 18, 2026

_____
Honorable Linda Lopez
United States District Judge

---

[1] In his prayer for relief, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act, which the Court **DENIES without prejudice**. Pet. at 12.

26cv590-LL-DEB